IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>v.<br><br>WILBUR ZACCAEUS HIGHTOWER | CASE NO.: 5:23-cr-8 |

### REPORT AND RECOMMENDATION

Defendant filed a Motion to Suppress. Doc. 17. The Government filed a Response. Docs. 28. The Court held a hearing on Defendant's Motion on November 1, 2023. For the reasons that follow, I **RECOMMEND** the Court **DENY** Defendant's Motion to Suppress.

### BACKGROUND

Defendant has been indicted on one count of possession with: intent to distribute controlled substances, in violation of 21 U.S.C. § 841(a)(1); possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c); and possession of a machinegun, in violation of 18 U.S.C. § 922(o). Doc. 1. These charges stem from an attempted traffic stop and car chase conducted by members of the Pierce County Sheriff's Office on May 13, 2022. The officers attempted to stop Defendant's vehicle, but Defendant fled, resulting in a wreck. After Defendant was apprehended, officers found controlled substances, a disassembled firearm, and ammunition in his car. Officers also found a firearm on Defendant's person. The firearms, ammunition, and controlled substances are the bases of the charges against him and are the subjects of this Motion to Suppress.

Defendant filed a Motion to Suppress arguing the search of Defendant's vehicle was unconstitutional. Doc. 17. In anticipation of the Government's argument, Defendant argued the

vehicle search did not qualify as a search incident to lawful arrest, which provides an exception to Fourth Amendment requirements. Doc. 17. The Government filed a response arguing the vehicle search qualified under three separate exceptions to the Fourth Amendment: the automobile exception, the inventory exception, and the community caretaking exception. Doc. 28. The Court held a hearing on Defendant's Motion on November 1, 2023. At the hearing, the Government called Officer Gregory Nettles as a witness. Officer Nettles is an investigator with Pierce County Sheriff's office. Officer Nettles was involved in Defendant Hightower's investigation and arrest.

## DISCUSSION

**I.    Proposed Findings of Fact**

On May 13, 2022, Sheriff's Deputy Gregory Nettles and Deputy Carroll Mercer initiated a traffic stop on Defendant's vehicle. Doc. 28 at 3. Defendant fled the scene and several investigators followed in pursuit, resulting in a car wreck. Id. After the wreck, officers removed Defendant from the vehicle and placed him under arrest. Id. While removing Defendant from the vehicle, Deputy Nettles detected the odor of marijuana inside the vehicle. Id. Deputy Nettles testified that after arresting Defendant, he turned off Defendant's vehicle by reaching in and removing the keys from the ignition. Deputy Nettles stated he again smelled marijuana coming from inside the vehicle at this time. Deputy Nettles conducted a search of Defendant's vehicle and discovered controlled substances, firearms, and ammunition. Id.

**II.   Legal Standard**

Searches conducted without a warrant "are per se unreasonable under the Fourth Amendment—subject to a few specifically established and well-delineated exceptions." Katz v. United States, 389 U.S. 347, 357 (1967) (footnotes omitted). Under the "automobile exception,"

police may search a vehicle without a warrant if (1) the vehicle is readily mobile, and (2) if there is probable cause to believe the vehicle contains contraband or evidence of a crime. United States v. Delva, 922 F.3d 1228, 1243 (11th Cir. 2019) (citing United States v. Lanzon, 639 F.3d 1293, 1299–300 (11th Cir. 2011)). "Officers can search any container in an operational car without a warrant if they have probable cause to believe that the container holds evidence of a crime." United States v. Gooden, 148 F. App'x 846, 848 (11th Cir. 2005) (citing California v. Acevedo, 500 U.S. 565, 579–80 (1991); and then citing United States v. Watts, 329 F.3d 1282, 1286 (11th Cir. 2003)).

The Government must also show probable cause to believe the vehicle contains contraband or evidence of a crime. "To determine whether probable cause exists, we perform an objective analysis that does not account for the subjective beliefs of law enforcement." United States v. Williams, 731 F. App'x 863, 867 (11th Cir. 2018) (citing United States v. Franklin, 694 F.3d 1, 9 (11th Cir. 2012)). It is well established "that the smell of marijuana coming from a person's house or vehicle establishes probable cause for a search." Id. (citing Merricks v. Adkisson, 785 F.3d 553, 560 n.3 (11th Cir. 2015); then citing United States v. Tobin, 923 F.2d 1506, 1512 (11th Cir. 1991); and then citing United States v. Rivera, 595 F.2d, 1095, 1098–99 (5th Cir. 1979)). "It is irrelevant if an inventory search occurred as a pretext for gathering evidence where the police officers already had probable cause that justified the search." Id. (citing Whren v. United States, 517 U.S. 806, 811–12 (1996)).

**III.  Analysis**

Defendant argues evidence seized during the vehicle search should be suppressed because the search was conducted without a warrant and there is no applicable exception to the warrant requirement that would permit the search. Doc. 17. The Government argues the

automobile exception, the inventory exception, and the community caretaking exception to the warrant requirement all apply to the vehicle search. Doc. 28. As the automobile exception provides a clear justification for this warrantless search, I decline to address the Government's other arguments.

The first condition of searching a vehicle under the automobile exception is the vehicle must be readily mobile. At the time investigators apprehended Defendant, they had just finished a high-speed pursuit of the vehicle. Additionally, Deputy Nettles testified to turning the vehicle off himself after the arrest. The facts show the vehicle was readily mobile at the time of the search.

Next, there must be probable cause to believe the vehicle contains contraband. This condition is plainly satisfied. Deputy Nettles stated he detected the odor of marijuana when officers initially removed Defendant from his vehicle. Deputy Nettles smelled the odor of marijuana again when he turned off Defendant's vehicle after his arrest. The smell of marijuana establishes probable cause for a search. There is no evidence whatsoever suggesting Deputy Nettles did not actually smell marijuana on these two occasions. Furthermore, I found Deputy Nettles's testimony on this point to be credible. Therefore, the Government has established the second condition for application of the automobile exception.

In sum, the Government has shown the vehicle was readily mobile and probable cause existed at the time of the search. The automobile exception, therefore, applies in this case. Defendant has not presented any argument or evidence to suggest the automobile exception does not apply or should not apply in these specific circumstances. Therefore, vehicle search in this case falls under the automobile exception, and, as result, there is no basis to suppress any of the evidence obtained during that search.

**CONCLUSION**

For the foregoing reasons, I **RECOMMEND** the Court **DENY** Defendant's Motion to Suppress and allow the Government to use all information and evidence obtained through the vehicle search.

Any objections to this Report and Recommendation shall be filed within 14 days of today's date. Objections shall be specific and in writing. Any objection that the Magistrate Judge failed to address a contention raised in the Complaint or argument raised in briefing must be included. Failure to file timely, written objections will bar any later challenge or review of the Magistrate Judge's factual findings and legal conclusions. 28 U.S.C. § 636(b)(1)(C); Harrigan v. Metro Dade Police Dep't Station #4, 977 F.3d 1185, 1192–93 (11th Cir. 2020). To be clear, a party waives all rights to challenge the Magistrate Judge's factual findings and legal conclusions on appeal by failing to file timely, written objections. Harrigan, 977 F.3d at 1192–93; 11th Cir. R. 3-1. A copy of the objections must be served upon all other parties to the action.

Upon receipt of Objections meeting the specificity requirement set out above, a United States District Judge will make a de novo determination of those portions of the report, proposed findings, or recommendation to which objection is made and may accept, reject, or modify in whole or in part, the findings or recommendations made by the Magistrate Judge. Objections not meeting the specificity requirement set out above will not be considered by a District Judge. A party may not appeal a Magistrate Judge's report and recommendation directly to the United States Court of Appeals for the Eleventh Circuit. Appeals may be made only from a final judgment entered by or at the direction of a District Judge.

**SO REPORTED and RECOMMENDED**, this 7th day of December, 2023.

_____
BENJAMIN W. CHEESBRO
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA